## Staunton.

### MINNICK v. WILLIAMS.

October 4th, 1883.

1. PRACTICE AT COMMON LAW—*Debt*—Obligor, by writing obligatory dated October 4th, 1869, binds himself to pay obligee in monthly instalments, to commence from that day, $350 either in goods at regular prices, or in current money; and at the times the amounts are payable, neither delivers the goods at regular prices, nor pays the money.

HELD:

This is an obligation to pay money, with the privilege to the obligor to discharge the money obligation by the delivery of the goods at regular prices in equal amount, on or before the time of payment; and the obligor, failing within that time either to pay the money or so to deliver the goods, is liable to an action of debt thereon. *Crawford* v. *Daigh*, 2 Va. Ca. 521.

Error to judgment of circuit court of Rockingham county, rendered October 28th, 1881, in an action of debt wherein William Minnick for &c., was plaintiffs, and Samuel C. Williams was defendant. The action was brought on the following writing obligatory:

"Article of agreement made and entered into this 4th October, 1869, by and between William Minnick of the first part, and Williams & Slaymaker of the second part, whereby the said Minnick agrees to let to said Williams & Slaymaker the store-room and cellar in the hotel building at Broadway station, Orange, Alexandria and Manassas railroad, with all the appurtenances attached thereto, and the warehouse at the north end of the store-room, with the grounds extending from the lower end of the warehouse next to the creek, running north to the public street, and thence to the said road, and from the street to the south

corner of the store-room, running out to the railroad, to have and to hold full possession of the said rooms and apartments and grounds as above described for and during the term of two years, to commence from the 4th October, 1869, at and for the sum of $150 the first year, and $200 the second year, payable in monthly instalments, either in goods at regular prices or current money; and it is further agreed that when the lessees quit the premises they shall leave them in as good condition and repair as they are now, reasonable wear and tear excepted in the transaction of their business." This was signed and sealed by the parties. The declaration set forth the contract as the consideration for which the defendant " promised to pay to the plaintiff the sum of $150 for the first year, meaning thereby the year commencing October 4th, 1869, and ending October 4th, 1870, and the sum of $200 for the second year, meaning thereby the year commencing October 4th, 1870, and ending October 4th, 1871," and concluded with the usual averment in debt. To this declaration the defendant demurred, on the ground that *covenant,* not *debt,* was the proper action on such an instrument. The circuit court sustained the demurrer and dismissed the suit. To this judgment Minnick obtained a writ of error from one of the judges of this court.

*J. E. Roller,* for plaintiff in error.

*J. H. Williams,* for defendant in error.

LACY, J., delivered the opinion of the court:

The appellee insists, for ground of demurrer, that an action of debt will not lie upon the contract above recited, because it was not a contract to pay a sum of money certain, but was an agreement to pay money or "goods at regular prices."

The appellant insists that when a person contracts, in the alternative, to do one of two things by a given day, he has,

until the day is past, the right to elect which of them he will perform; but if he suffers the day to elapse without performing either, his contract is broken, and his right of election is lost.

The action of *debt* only lies for *money.* On an obligation to pay or *deliver any other article, covenant* is the proper remedy; and the recovery is, of a compensation in damages; "goods at regular prices" cannot be considered as money.

If a contract is to pay money simply, debt will lie; when it is to deliver any other article, covenant will lie; the proper remedy is debt in the one case, covenant in the other.

When an obligation. is to pay money in a fixed quantity of some other article, as of goods, bonds, or other articles other than money, of a *certain* nominal amount, covenant will lie. But when the obligation is to pay a sum of money, or some other article, in the alternative, on or before a certain day, or to pay a sum of money, with a privilege to the obligor to pay it in some other article, on or before a certain day, the obligor has his election to deliver the article on or before the day; but if he fail to do so, he is liable absolutely for the money, and to an action of debt for its recovery. Story on Contracts, section 969; *Crawford* v. *Daigh,* 2 Va. Cases, 521; *Butcher* v. *Carlile,* 12 Gratt. 520.

In this case before us, the declaration avers that the defendant did not pay the same to the plaintiff when the same became due, either in goods at regular prices, or in current money; and that the said defendant hath not, at any time since the same became due, paid the plaintiff the said sum of money, or any part thereof. The obligation was to pay on or before a certain day, which was in one year, one sum, and in two years a certain other sum—the two said sums making together the sum demanded in this suit—or to pay in "goods at regular prices." At the day and date named, neither money nor "goods at regular prices" were paid. I think this is an obligation to pay money, with the privilege to the obligor to discharge the money obligation by the delivery of goods at regular prices, in

equal amount, on or before the day it became payable. The defendant in error failed to pay the money, or deliver the "goods at regular prices," on or before the day when it became due and payable; and, having failed so to discharge it, he is liable to an action of debt therefor.

The promise was to pay money, or goods at regular prices, on or before the day named. The debt was a money debt; the obligor stipulated for the privilege to pay in money, or goods at regular prices. The obligor having failed to pay the money, or its equivalent in goods at regular prices, *on or before the day fixed for its payment*, became liable absolutely for the payment of the money, and an action of debt was maintainable against him for it. The obligation then became in effect a simple and single bill obligatory.

In *Crawford* v. *Daigh, supra,* the note was for the payment of money in good state bank paper, and yet the court held that after the day fixed for such payment was passed, it was a note for the payment of the money only, and being set out as such in the declaration, was set out according to its legal effect.

*A fortiori*, when the obligation is to pay money with a mere privilege to the obligor to pay in some other article on or before a certain day, it is unnecessary to take any notice of such privilege in the declaration if the day passes without payment of the money, or the delivery of the other equivalent article. *Lewis* v. *Long,* 3 Mun.; *Butcher* v. *Carlile, supra.*

The privilege is in the nature of a defeasance, which need never be stated in a declaration, but is a matter of defense, and ought to be shown in pleading by the opposite party. 1 Chitty Pleading, 255.

The demurrer in this case should have been overruled, and the court below erred in sustaining the said demurrer, and the judgment of the said circuit court sustaining the demurrer and dismissing the suit, must be reversed and annulled, and the cause remanded to the said circuit court for further proceedings to be had therein in accordance with the foregoing views.

The judgment is as follows:

The court is of opinion, for reasons stated in waiting and filed with the record, that the judgment of the circuit court is erroneous. Therefore it is considered that the said judgment be reversed and annulled, and that the appellee pay to the appellant his costs by him expended in the prosecution of his appeal here, and $30 damages; and that the demurrer of the defendant in error be overruled, and the case remanded to the said circuit court to be there further proceeded in, in accordance with the foregoing opinion, and that the defendant in error pay to the plaintiff in error his costs by him so far expended in the said circuit court in the prosecution of his case there.

JUDGMENT REVERSED.